United States District Court

For the Northern District of California

1    IN THE UNITED STATES DISTRICT COURT

2    FOR THE NORTHERN DISTRICT OF CALIFORNIA

3

4

5    DENNIS B. ANDERSON,

6                                      Petitioner,                    NO. C06-2481 TEH

7                 v.                                                  ORDER DENYING PETITIONER'S
                                                                      MOTION TO ALTER OR AMEND
8    TERESA A. SCHWARTZ,                                              JUDGMENT

9                                      Respondent.

10

11         On April 7, 2006, Petitioner Dennis B. Anderson filed a petition for writ of habeas

12   corpus challenging the third denial of his parole by the California Board of Prison Terms

13   ("Board").  On August 24, 2006, this Court denied Anderson's petition and entered judgment

14   the following day.  This matter now comes before the Court on Anderson's timely motion to

15   alter or amend the Court's judgment under Federal Rule of Civil Procedure 59(e).  Although

16   the motion is currently scheduled for hearing on October 16, 2006, this Court finds the

17   motion suitable for decision without oral argument and therefore VACATES the October 16

18   hearing date.  For the reasons discussed below, the Court finds good cause to DENY

19   Anderson's motion.

20         Granting a Rule 59(e) motion "is appropriate where the district court (1) is presented

21   with newly discovered evidence, (2) committed clear error or the initial decision was

22   manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No.*

23   *1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  "There may also be other, highly

24   unusual, circumstances warranting reconsideration." *Id.*

25         Anderson contends that relief under Rule 59(e) is proper "to protect against manifest

26   injustice" because he had no opportunity to argue that the Board's decision to deny parole

27   was unconstitutionally arbitrary based on the Court's conclusion that three of the Board's

28   findings lacked evidentiary support.  Mot. at 2-3.  However, Anderson clearly could have

1   raised that argument in his original petition and traverse.  Rather than simply arguing that

2   there was no evidence to support the Board's findings, Petitioner could also have argued –

3   and reasonably should have argued, if this was his position – that even if the Court found

4   sufficient evidence to support the Board's denial of parole, the Court must still order a new

5   parole hearing if it also found that some of the Board's findings were unsupported by the

6   evidence and that it was not clear whether the Board would have reached the same result had

7   it not considered the unsupported findings.  Anderson's failure to raise that argument at an

8   earlier stage of these proceedings is sufficient grounds for denying his motion to alter or

9   amend judgment.  As the Ninth Circuit has explained, "[a] Rule 59(e) motion may not be

10  used to raise arguments or present evidence for the first time when they could reasonably

11  have been raised earlier in the litigation." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir.

12  2003).  Accordingly, with good cause appearing, Anderson's motion to alter or amend

13  judgment under Rule 59(e) is hereby DENIED.

14

15  **IT IS SO ORDERED.**

16

17  Dated:   10/13/06

18  _____
    THELTON E. HENDERSON, JUDGE
    UNITED STATES DISTRICT COURT

19

20

21

22

23

24

25

26

27

28

2